# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SANTIAGO VALDIVIA-PEREZ,

Defendant.

No. CR 02-4107-MWB

**OPINION AND ORDER REGARDING DEFENDANT'S PETITION FOR WRIT OF AUDITA QUERELA**

_____

This case is before me on defendant Santiago Valdivia-Perez's April 3, 2018, *pro se* Petition For Writ of Error Audita Querela Under 28 U.S.C. § 1651, Pursuant To The U.S. Supreme Court's Decision In United States v. Morgan, 346 U.S. 502 (1954). Valdivia-Perez asserts in the captions to his Petition that "[t]his is [Not] A § 2255, Nor An 18 USC § 3582 Motion." In his Petition, Valdivia-Perez seeks resentencing under Amendment 790 to the United States Sentencing Guidelines, because when I originally sentenced him based on joint criminal conduct—specifically, in the determination of drug quantity—I did not consider all three criteria now required by the Amendment. Those three criteria are whether the conduct was within the scope of the defendant's agreement, in furtherance of the conspiracy, and reasonably foreseeable to the defendant. Valdivia-Perez contends that a writ of *audita querela* is the appropriate course to seek this relief, because it is not foreclosed by the relief provided by 28 U.S.C. § 2255, according to the Supreme Court in *Morgan*; because the relief is not available pursuant to 18 U.S.C. § 3582, where Amendment 790 was not expressly made retroactive pursuant to U.S.S.G. § 1B1.10; and because the writ provides for retroactive application of "clarifying" amendments, even if they were not expressly made retroactive.

As the Eighth Circuit Court of Appeals has explained, "A writ of *audita querela* is a common law writ 'available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses.'" *United States v. Boal*, 534 F.3d 965, 967 n.2 (8th Cir. 2009) (citing BLACK'S LAW DICTIONARY 141 (8th ed. 2004)). To the extent that a petition for a writ of *audita querela* remains available to challenge a criminal conviction or sentence, it "is not available where other cognizable remedies exist." *United States v. Feist*, 346 F. App'x 127 (8th Cir. 2009) (citing *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (*per curiam*)); *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."); *United States v. Miller*, 599 F.3d 484, 487-88 (5th Cir. 2010) (explaining that, because *Morgan* concluded that the writ of *coram nobis* was still available in criminal cases under the All Writs Act, 28 U.S.C. § 1651(a), "where needed to fill a gap in the federal post-conviction remedial scheme, . . . we have, as have several other circuits, acknowledged, with some reservation, that the writ of *audita querela might* also survive in criminal adjudications, if there is a gap for it to fill." (citing cases)).

Although the Eighth Circuit Court of Appeals has not yet addressed in a published decision Valdivia-Perez's argument that the writ is available to provide the relief he seeks, at least one district court in this circuit has rejected it, and the Eighth Circuit Court of Appeals summarily affirmed. In *Amerson v. United States*, No. 4:17–cv–1804–CDP, 2017 WL 4163938 (E.D. Mo. Sept. 20, 2017), *reconsideration denied*, No. 4:17-CV-1804-CDP, 2017 WL 4476002 (E.D. Mo. Oct. 6, 2017), *and aff'd*, No. 17-3191, 2018 WL 1738737 (8th Cir. Feb. 26, 2018), United States District Judge Catherine Perry rejected the argument that the writ of *audita querela* was available to apply Amendment 790 retroactively, because 18 U.S.C. § 3582 and 28 U.S.C. § 2255 were inadequate or ineffective, for the following reasons:

2

> Amerson's argument is flawed because it attributes blame to the wrong source. Amerson's true impediment is the fact that Amendment 790 is not retroactive, not the remedies of § 3582 and/or § 2255. In other words, Amerson's attempt to gain relief is not hampered by the § 3582 and/or § 2255 remedies themselves, it is hampered because Amendment 790 is not retroactive. *See, e.g., U.S. ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002) (§ 2255 was not inadequate or ineffective because *Apprendi* relief was, as a practical matter, unavailable through § 2255 motions; the true impediment was the fact that the Supreme Court had not made *Apprendi* retroactive, not the remedy by § 2255 motion). In addition, to the extent Amerson focuses upon § 2255, the Court notes that § 2255 is not inadequate or unavailable because Amerson has already been denied § 2255 relief or because he lacks permission to file a second or successive § 2255 petition. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (internal citation omitted).
>
> In this case, there is no "gap" in the system of post-conviction relief rendering a writ of audita querela available. The Sentencing Commission has carefully considered which Guidelines amendments should have retroactive effect, and has concluded that Amendment 790 does not. Allowing Amerson to bypass the restrictions of § 1B1.10 simply by invoking the writ of audita querela would effectively nullify those restrictions and produce an absurd result. Because another statute specifically addresses the particular issue at hand, the All Writs Act does not apply, and a writ of audita querela is unavailable. *See Carlisle*, 517 U.S. at 429; *Feist*, 346 Fed. Appx. 127; *Massey [v. United States]*, 581 F.3d [172,] 174 [(3d Cir. 2009)].

*Amerson*, 2017 WL 4163938, at *2–3. At least two Circuit Courts of Appeals have rejected this argument for similar reasons. *See United States v. McKinney*, 712 F. App'x 827 (10th Cir. 2018) (citing *United States v. Tinajero-Porras*, 697 F. App'x 609, 611 (10th Cir. 2017)); *United States v. Bullock*, 666 F. App'x 117, 118 (3d Cir. 2016).

3

I find the reasoning of these cases persuasive and apply it, here. Valdivia-Perez's reliance on the writ of *audita querela* would simply allow him to bypass the conclusion of the United States Sentencing Commission that Amendment 790 should *not* be made retroactive. Similarly, his reliance on the writ of *audita querela* would allow him to bypass the relief available under § 2255, even where he has previously filed a § 2255 motion. Because Valdivia-Perez is not attempting to fill a "gap" in the system of post-conviction relief, but attempting to bypass available means of relief, he cannot rely on a writ of *audita querela*. Finally, like the court in *Amerson*, I conclude that Valdivia-Perez has failed to make a substantial showing that my denial of a writ of *audita querela* is debatable among reasonable jurists, that a court could resolve the issues differently, or that his Petition deserves further proceedings. 2017 WL 4163938, at *3. Consequently, a certificate of appealability is denied. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

THEREFORE, defendant Santiago Valdivia-Perez's April 3, 2018, *pro se* Petition For Writ of Error Audita Querela Under 28 U.S.C. § 1651, Pursuant To The U.S. Supreme Court's Decision In United States v. Morgan, 346 U.S. 502 (1954) (docket no. 154) is **denied**, and no certificate of appealability will issue.

**IT IS SO ORDERED**.

**DATED** this 29th day of May, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA